426     APPELLATE COURTS OF ILLINOIS.

U. S. Ins. Co. v. Cent. Nat. Bank.

THE UNITED STATES INSURANCE COMPANY ET AL.

v.

THE CENTRAL NATIONAL BANK ET AL.

1. CREDITOR'S BILL—ANSWER NOT TRAVERSABLE, WHEN.—Although a creditor's bill, filed pursuant to the statute, is a bill for relief as well as discovery, the relief is dependent upon the discovery. Where the answer discloses assets, a court of equity may apply such assets to the payment of the judgment; but where the answer not only fails to disclose assets, but denies their possession, the allegations of the answer cannot be traversed, and the court proceed to try such traverse, and grant relief in case the defendant is found in possession of assets.

2. FRAUD AS AN ELEMENT OF CHANCERY JURISDICTION.—Where a bill supplemental to an execution is filed for the purpose of setting aside a fraudulent conveyance, a court of chancery obtains jurisdiction on the ground of fraud; but where the defendants are not charged with fraud, and their answers deny any liability, a court of chancery can proceed no farther against them.

3. WAIVER OF OBJECTION TO JURISDICTION.—In this case, the fact that defendants answered the bill without objecting to the jurisdiction of the court, has no bearing upon the question of their rights. It is a question of want of equity rather than jurisdiction. The object of the bill was to obtain a discovery; and when by the answer the discovery failed, the court should have dismissed the bill for want of equity.

4. WHEN OBJECTION TO JURISDICTION IS WAIVED BY ANSWER.—The rule that if a defendant in chancery submits to answer without challenging the jurisdiction, it is too late to raise the objection, is to be taken subject to some qualifications. Where it is competent for the court to grant the relief and it has jurisdiction of the subject-matter, the rule applies, but it will not apply where the jurisdiction of the court is dependent, as in this case, upon a discovery, and the discovery fails.

ERROR to the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge presiding. Opinion filed November 8, 1880.

Mr. HENRY J. PEET, for plaintiff in error; cited Phil. Fire Ins. Co. v. Cen. Nat. Bank, 1 Bradwell, 344.

Messrs. GRANT, SWIFT & BRADY, for defendants in error; as

to the jurisdiction of a court of chancery in a creditor's bill, cited 2 Story's Eq. 1216; Steere v. Hoagland, 39 Ill. 264; Neute v. Duke of Marlborough, 3 Myl. & C. 407; Hadden v. Spader, 20 Johns. 554; 2 Barb. Ch. 147; Craig v. Hone, 2 Edws. Ch. 566; Edmeston v. Lyde, 1 Paige, 637; Rev. Stat. Chap. 22, § 49.

A court of chancery having acquired jurisdiction will retain it to do complete justice between the parties: Savage v. Berry, 2 Scam. 545; The People v. Chicago, 53 Ill. 524; Sherlock v. Winnetka, 59 Ill. 389; Morgan v. Roberts, 38 Ill. 65; Mitchell v. McDougall, 62 Ill. 498; Newman v. Willetts, 52 Ill. 98.

The holder of a chattel mortgage may sue the notes, and sell the property under an execution; he may sell under the power contained in the mortgage, or he may foreclose his mortgage as real estate mortgages are foreclosed : Herman on Chattel Mortgages; Packard v. Kingman, 11 Iowa, 219; Devens v. Bower, 6 Gray 126; Jackson v. Hull, 10 Johns. 481; Duprey v. Gibson, 36 Ill. 197; Freeman v. Freeman, 2 Green, 44.

When it is admitted that a party comes properly into a court of equity for a discovery, the court will not occasion a multiplicity of suits by sending him to a court of law for relief : Ryle v. Haggie, 1 Jac. & Walk. 236; McKenzie v. Johnson, 4 Madd. 373.

Objection to the jurisdiction because there was an adequate remedy at law comes too late after answer filed : Stout v. Cook, 41 Ill. 447; Magee v. Magee, 51 Ill. 500; 1 Daniell's Ch. 630.

WILSON, J. This case is in all respects like that of the Philadelphia Fire Insurance Co. et al. v. The Central National Bank of Chicago et al., decided by this court on appeal, at the April term, 1878, and reported in 1 Bradwell, page 344. Eighteen of the twenty-two insurance companies who were parties defendant in that case, and against whom decrees had been rendered, appealed to this court, when the decree of the court below was reversed. The present plaintiff in error did not join in that appeal, and now brings the case here upon the

same record, and assigns the same errors as were assigned in the former case; and we are asked by the Travellers' Insurance Company, one of the defendants in error, to reconsider the former ruling of the court, and to affirm the decree as to the plaintiff in error.

The facts of the case are fully stated in the opinion of the court in 1 Bradwell, *supra*, and need not be recapitulated here. But for the fact that the counsel for The Travellers' Insurance Company has made a point which does not seem to have been discussed in the former case, namely, that all the insurance companies, including the plaintiff in error, having filed their answers and submitted to the jurisdiction of the court below without objecting to the jurisdiction, it was too late to set up by way of defense in an amended answer, that the complainant had an adequate remedy at law, we should content ourselves by saying the case is *res adjudicata* in this court, unless, indeed, we should be satisfied that the grounds upon which the former decision was based are in conflict with the established principles applicable to courts of chancery.

The doctrine enunciated in the former decision, was, that although a creditor's bill, filed pursuant to the statute, is a bill for relief, as well as a bill for discovery, the relief is dependent upon the discovery; that when the answer discovers assets of the judgment debtor in the hands of the defendant, a court of chancery may apply such assets to the payment of the judgment. But where the answer not only fails to discover, but denies the possession of assets, the allegations in the answer cannot be traversed, and the court proceed to try such traverse, and grant relief in case the defendant is found to be in possession of such assets; that where a bill supplementary to execution is filed for the purpose of setting aside a fraudulent conveyance of property by the judgment debtor, a court of chancery obtains jurisdiction on the ground of fraud, as against all persons chargeable with its perpetration, and in such case the court will wrest the property fraudulently conveyed from the possession of the guilty parties, and subject it to the payment of the execution. It was further held, in that case, that as it was not charged the defendant insurance companies had

been guilty of any fraud, and as they had answered, denying any liability on their respective policies, the court below should, upon the filing of their answers, have proceeded no further against them.

Upon further consideration, we see no reason to recede from the conclusions reached by the court, in that case, nor from the principles enunciated in the opinion. And even if we should think the questions therein discussed, were not entirely free from doubt, we should not, in the absence of a contrary holding by the Supreme Court, feel at liberty to disregard a former ruling of this court.

As to the point made by defendant in error, The Travellers' Insurance Co., that the plaintiff in error having filed its answer denying liability on its policy without objecting to the jurisdiction of the court, it was too late to object to the jurisdiction by its subsequent answer, it would be sufficient to say that the question of jurisdiction was not necessarily involved; the case turned upon a want of equity rather than upon a question of jurisdiction. When the answer came in, denying the liability of the plaintiff in error on its policy, and thereby denying the possession of assets belonging to the defendant in execution, the answer was conclusive, and the complainant's case, as to the plaintiff in error, was at an end, and the court should have dismissed the bill, on motion, for want of equity. The object of the bill was to obtain a discovery, and when, by the answer, the discovery failed, the court should have proceeded no further. The answer was of itself a sufficient objection to the jurisdiction of the court. An answer in the first instance formally denying the jurisdiction would have been premature and unavailing, for the court had jurisdiction to compel a discovery, but when the complainant failed to obtain a discovery by the answer, the office of the bill as to the plaintiff in error was spent. It was only when the court refused the motion of the insurance companies to dismiss the bill upon the filing of their answers that they seem to have deemed it prudent to file further answers, formally denying the jurisdiction of the court on the ground that the complainant's remedy was at law, and not in a court of chancery. We do not think this was essen-

tial to the saving of their rights; but if it was necessary, the answers were filed, and objection to the jurisdiction was thus formally made in the court below, and is not made for the first time in this court.

But aside from these considerations, while the general rule undoubtedly is that if a defendant in chancery submits to answer without challenging the jurisdiction of the court it is too late for them afterwards to object that the complainant has a remedy at law, the rule is subject to some qualifications. In 1 Daniells' Ch. Pr., after stating the general rule, it is said: "The rule should be taken with the qualification that it is competent for the court to grant the relief sought, and that it has jurisdiction of the subject matter." And to the same effect, see Cooper's Equity, Pl. 161, side-paging; Moore v. Elmendorf, 11 Paige, 277. In Kimball v. Walker, 30 Ill. 482, the court says: "This is no doubt the rule as to the parties, but we hold it is in the power of the court at any time to interpose the objection, and thus prevent drawing into the vortex of a court of chancery matters purely cognizable in a court of law."

The distinction is not to be overlooked between cases over which a court of equity has concurrent jurisdiction with a court of law, and those cases over which it has no jurisdiction. In the former class, the party waives his right to question the jurisdiction by submitting to answer on the merits, but not in the latter. While, therefore, in the case at bar, the court had jurisdiction to the extent of compelling a discovery, when the discovery failed, as the jurisdiction or right of the court to retain the case was dependent on discovery, the court had no power to try the merits of the case, upon a traverse of the answer; and this was an objection that might be taken advantage of at any stage of the proceedings. We are, therefore, of the opinion, that the point made that the objection to the jurisdiction of the court came too late, is not well taken.

For the reasons stated in this, and in the opinion in Philadelphia Fire Insurance case, the decree of the court below must be reversed as to the plaintiff in error, and the cause be remanded for further proceedings, not inconsistent with said opinions.                    Reversed and remanded.