## MARGARET J. FIFIELD
### v.
### GORTON, CHAPMAN & CO.

1 BILL OF DISCOVERY.—Where the answers of each and all of the defendants to a bill of discovery, authorized by § 49, Ch. 22, R. S. 1874, denied all the allegations of the bill and made no discovery, the right to proceed further under it was at an end.

2. EQUITY JURISDICTION—REMOVING FRAUDULENT CONVEYANCES.—The power of courts of equity to remove fraudulent conveyances of a judgment debtor out of the way of an execution in favor of a judgment creditor can not be questioned. But the jurisdiction in such cases rests solely upon the grounds of fraud.

3. LIEN OF JUDGMENT CREDITOR DOES NOT EXTEND TO RENTS AND PROFITS.—Where at the time a bill in equity was filed by a judgment creditor, the judgment debtor owned only an equity of redemption in the house occupied by her tenant, the same having been previously sold on foreclosure of mortgage against her, and the argument used was that the judgment was a lien on the equity of redemption and therefore a court of equity should cause the rents to be paid to the judgment creditor. Held, that the lien in favor of a judgment creditor is given by statute and can not be extended beyond its terms; it is confined to the real estate and does not extend to the rents and profits; that there was no occasion for the interference of a chancery court as the judgment creditor had a full and complete remedy at law by garnishment.

APPEAL from the Circuit Court of McLean county; the Hon. F. BLADES, Judge, presiding. Opinion filed November 21, 1884.

Fifield v. Gorton, Chapman & Co.

Mr. WILLIAM E. HUGHES, for appellant.

Messrs. KERRICK, LUCAS & SPENCER, for appellee.

HIGBEE, P. J.   This was creditors' bill by Gorton, Chapman & Co., against Margaret J. Fifield, her daughter, Alice Hulce, P. Schaum, Mrs. P. Schaum, and Ed. Schaum, alleging that the complainants were the owners of four judgments against Mrs. Fifield, of record in the office of the clerk of the Circuit Court of McLean county, upon which executions had been issued, and returned unsatisfied for want of property whereon to levy, and that her daughter, Alice Hulce, had in her possession or under her control, divers goods, wares, personal property, moneys, stocks, bonds, judgments, promissory notes, bills of exchange, books of account, debts, evidences of indebtedness, and other choses in action, real estate, chattels real, and contracts for real estate which she held in trust for her mother, and full discovery was asked of all such property, but not under oath.

To this extent this was purely a bill for discovery, authorized by Sec. 49, Chap. 22, Rev. Stat. 1874, and as the answers of each and all of the defendants denied all the allegations of the bill and made no discovery, the right to proceed further under it was at an end.   The P. F. Ins. Co. v. Cent. National Bank, 1 Bradwell, 344; U. S. Ins. Co. v. Central National Bank, 7 Bradwell, 426.

But even if the answers refusing the discovery sought were not conclusive, the result would not be different, for there was not a particle of evidence to sustain these allegations of the bill.

There was another branch of the bill, however, which did not depend upon the discovery to be made, but found an independent ground of equity jurisdiction.   It was that part alleging that the judgment debtor, Mrs. Fifield, was the owner of certain real estate in Bloomington, described in the bill; that the same was in the possession of defendants, who claimed to have some title or interest therein, which was charged to be fraudulent and void, as against complainants, and a hindrance to the collection of their execution.

The power of courts of equity to remove fraudulent conveyances of a judgment debtor out of the way of an execution in favor of a judgment creditor can not be questioned. But the jurisdiction in such cases rests solely upon the grounds of fraud. Here there was no evidence tending to show that defendants had interposed any fraudulent claim of right to the property, and hence the jurisdiction of the court was not maintained as to this branch of the bill.

It was also charged in the bill that said real estate was incumbered by a large amount of *bona fide* prior liens and that its value over and above the liens was not sufficient to pay complainants' judgments, and a receiver was applied for and appointed to collect the rents and profits.

All of the material allegations of the bill were denied by the defendants, except that Mrs. Schaum admitted that she was the tenant of Mrs. Fifield under a written lease of one of the houses described in the bill. The order of the court required Mrs. Schaum to pay rent to the receiver, who was finally decreed to pay the same to complainants to be applied on their judgments.

It seems that at the time the bill was filed Mrs. Fifield owned only an equity of redemption in the house occupied by her tenant, Mrs. Schaum, the same having been previously sold on foreclosure of mortgage against her.

The argument is that the judgment was a lien on the equity of redemption; therefore, a court of equity should cause the rents to be paid to the judgment creditor.

We are not referred to any precedent or authority to sustain this position and doubt if any can be found.

There is, in this respect, no analogy between the rights of a judgment creditor and a mortgagee. The latter, after condition broken, is entitled to the immediate possession of the mortgaged premises, and may recover the same by ejectment or writ of entry, and to receive the rents and profits to be applied on his mortgage debt.

A judgment debtor owning an equity of redemption in lands sold under an execution issued upon a judgment at law, is entitled to retain the possession and receive the rents and

profits until a deed is made to the purchaser.  The lien in favor of the judgment creditor is given by statute and can not be extended beyond its terms.  It is confined to the real estate and does not extend to the rents and profits.

In case the debtor fails to redeem within the time allowed him by law for that purpose, the only right left to the creditor is to redeem as a judgment creditor under the statute.  Again, if Mrs. Schaum was indebted to Mrs. Fifield for rent, the law afforded appellees a full and complete remedy.  They should have instituted garnishee proceedings in which the question of her indebtedness to Mrs. Fifield could have been tried by a jury in a court of law.  There was no occasion for the interference of a court of chancery, and the bill should have been dismissed on the hearing.

The decree is reversed and the cause remanded.

Reversed and remanded.