64 297
169s 52

## Charles H. Harbert v. Stephen L. Mershon et al.

1. EQUITY PRACTICE—*Dismissal of the Bill upon the Filing of a Sworn Answer.*—A complainant filed a judgment creditor's bill calling upon the defendants to answer under oath, which they did, denying every allegation of the bill upon which the complainants could have any relief, upon which the court dismissed the bill for want of jurisdiction to proceed further. Held proper, under the authority of Addyston Pipe and Steel Company v. City of Chicago, Legal News, April 4, 1896, p. 256.

**Creditor's Bill.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

HARBERT & DALEY, attorneys for appellant, contended that this court has so definitely decided the point at issue that it would be useless to enter into any extended argument upon the question of law involved. It is true that a bill of discovery, properly so-called, under the early chancery practice, had become exhausted as soon as discovery was made. But such a bill was almost invariably brought in aid of an action at law, and never prayed for relief. Story's Equity Pleadings, Sec. 311.

Under our statute, however, the disclosures made by the answer to such a bill are not to be deemed conclusive. Starr & Curtis' Statutes, Chap. 22, Sec. 25.

This bill is something more than a bill for discovery. The discovery is merely one object sought, and the answer is

no more conclusive than it would have been had the bill been one falling under any other branch of chancery jurisdiction. Heisler v. Dickinson, 17 Ill. App. 193; Schroeter v. Brown, 59 Ill. App. 24.

MILLARD R. POWERS, attorney for appellees.

The order of the court was the only one that could be properly made, in view of the absence of allegations concerning either specific property, contracts or dealings in which the judgment debtors might be interested. Philadelphia Fire Ins. Co. v. The Central Nat. Bk., 1 Brad. 344; U. S. Ins. Co. v. Central Nat. Bk., 7 Brad. 426; Field v. Gorton, Chapman & Co., 15 Brad. 458.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant filed a judgment creditor's bill, calling upon the appellees to answer under oath, which they did, denying everything upon which the appellant could have any relief. Thereupon the court dismissed the bill for want of jurisdiction to proceed further.

This action was in accord with the opinion of this court in Phila. Ins. Co. v. Cent. Nat. Bk., 1 Ill. App. 344, and N. S. Ins. Co. v. Cent. Nat. Bk., 7 Ill. App. 426, and with the opinion of the Appellate Court of the Third District in Fifield v. Gorton, 15 Ill. App. 458, in neither of which cases was Sec. 25, Ch. 22, " Chancery," alluded to. But the action of the court was in opposition to the opinion of this court in Heisler v. Dickinson, 17 Ill. App. 193, and Schroeter v. Brown, 59 Ill. App. 24, in neither of which cases was either of the three earlier cases alluded to. In Addyston Pipe and Steel Company v. City of Chicago, 58 Ill. App. 273, we decided that the city could not be made defendant to a bill of this character, and March 28, 1896, the Supreme Court reversed our judgment (Legal News, April 4, 1896, p. 256), distinguishing the case from Merwin v. City of Chicago, 45 Ill. 133, on the ground that if the answer of the city denied indebtedness that would be the end of the litigation, and

cited the three cases herein first cited, as well as Bouton v. Smith, 113 Ill. 481, as authority, and still with no allusion, either in the opinion reversing our judgment or in Bouton v. Smith, to Sec. 25.

We may believe that the reason for distinguishing from Merwin v. City of Chicago is not well founded, but it is our business to obey, not to criticise, the decision.

The Circuit Court acted upon the doctrine approved by the Supreme Court, and the decree appealed from is affirmed.