## Albert J. Elliott v. August Magnus, Sr., et al.

1. MORTGAGES—*A Judgment Creditor has No Right to Rents and Profits in the Hands of a Receiver Appointed on a Bill to Foreclose.*— A judgment creditor of a mortgagor is not entitled to payment from rents and profits in the hands of a receiver appointed on a bill to foreclose the mortgage, and has no right to complain of an order directing their application to the payment of taxes.

Foreclosure Proceedings.—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed March 3, 1898.

### STATEMENT OF THE CASE.

A bill was filed to foreclose two trust deeds, dated in 1890 and 1891. Appellant, as a judgment creditor, was made a party to the suit. A receiver was appointed. The premises had previously been sold for taxes, accrued after the execution of the trust deeds, in 1893 and 1895. On October 15, 1895, the court ordered the receiver to redeem from tax sales, and empowered him to expend the sum of $928.13 for that purpose. No objection to such order was made by appellant. The mortgaged property was sold under decree on November 29, 1895. On February 28, 1896, decree was entered approving sale, and that complainant have execution for deficiency. After the expiration of the fifteen months for redemption, the receiver reported his collection of rentals and his disbursements, among which latter was the sum of $876.86, paid to redeem from tax sales in compliance with the order of October 15, 1895. Objections to the receiver's report were filed by appellant. These objections were overruled, report approved, and the balance in hands of receiver was ordered to be paid to complainant to apply upon defi-

ciency decreed. From this order appellant prosecutes the appeal here.

John M. Curran, attorney for appellant.

The complainant, by becoming the purchaser at the master's sale, took the property under the same conditions and with the same rights as any other purchaser, and was clothed with no additional rights or equities for the payment of taxes or removal of tax liens because of the covenants of the trust deeds or because of his right to the benefits of the decree. Davis v. Dale, 150 Ill. 239.

"The rule is as to all judicial sales, except as regards fraud, that the maxim *caveat emptor* applies. Let the buyer beware. There is no warranty of title or quality. They are sales by the court, and there is no one to go back on if the buyer takes nothing. If the person conducting the sale under the court makes a paper warranty, he binds only himself. This he should not do." Rorer on Judicial Sales, Sec. 174; Bassett v. Lockard, 60 Ill. 164; Bishop v. O'Conner, 69 Ill. 431.

Lackner & Butz, attorneys for appellees.

The mortgagor is entitled to possession of property which has been foreclosed during the period allowed by statute for redemption. Bennett v. Matson, 41 Ill. 332; Fifield v. Gorton, 15 Ill. App. 458.

The argument is that the judgment was a lien on the equity of redemption; therefore, a court of equity should cause the rents to be paid to the judgment creditor.

There is, in this respect, no analogy between the rights of a judgment creditor and a mortgagee. The latter, after condition broken, is entitled to the immediate possession of the mortgaged premises, and may recover the same by ejectment or writ of entry, and to receive the rents and profits to be applied on his mortgage debt. * * * The lien in favor of the judgment creditor is given by statute and can not be extended beyond its terms. It is confined to the real estate and does not extend to the rents and profits. Fifield v. Gorton, Chapman & Co., 15 Ill. App. 458.

A debtor's right of redemption during twelve months after sale is not subject to levy and sale on execution. Kell v. Worden, 110 Ill. 310.

Mr. Justice Sears delivered the opinion of the Court.

Appellant complains that the receiver was permitted to apply rents collected after the foreclosure sale of the mort-· gaged premises to the payment of liens upon the property for taxes, and contends that the moneys,so expended should have been applied first to the satisfaction of the deficiency decree, and then whatever balance remained should be applied upon the judgment of appellant. In support of this contention counsel cite Davis v. Dale, 150 Ill. 239.

In that case it was held that one who purchased at foreclosure sale necessarily took the estate charged with all its infirmities of title and subject to all prior liens, and this although the mortgagee or *cestui que trust* was the purchaser and there were covenants in the mortgage or trust deed for payment of all taxes by mortgagor; and that after a sale by which the mortgage debt is satisfied, the mortgaged premises are no longer under the operation of the mortgage, but that the mortgagor is then entitled to the rents and profits during the period of redemption. That case is clearly distinguishable in facts from the case here under consideration. In that case the taxes sought to be paid out of the rentals accruing from the mortgaged property during the period of redemption, were taxes which became a lien after foreclosure sale. Here the taxes were a lien before sale, and at time of sale the court had ordered such lien paid by the receiver. In the Davis case the premises sold for enough to extinguish the mortgage debt, and there was no excuse for a continued possession by the receiver. Here there was a deficiency. In that case the right of the court, through its receiver, to control rents and profits accruing after foreclosure sale, was challenged by the mortgagor's executor, who had the right to such rents and profits, if the receiver had not. Here the right is challenged by a judgment creditor, who could in no event be entitled to payment from

rents and profits, whether the receiver was entitled to them as against the mortgagor or not.   Fifield v. Gorton, 15 Ill. App. 458.

We do not regard Davis v. Dale as applicable to the facts here.

Neither appellant nor the mortgagor made objection to the order that the receiver pay the tax liens in question. As a judgment creditor appellant can, in this proceeding, look to the land itself and proceeds of its sale, if sufficient, for satisfaction of his judgment, but he has no equity to reach the rents and profits.

No such question is raised here as would be presented were the mortgagor to question the propriety of the application of the rents.   But the mortgagor is apparently satisfied.

The decree is affirmed.