# MITCHELL & PARRISH *et al.*

*v.*

# JAMES L. BYRNS *et al.*

1. CREDITOR'S BILL—*sufficiency of.* A creditor's bill which alleges the recovery of judgments against the defendants, the issue and return of executions thereon indorsed *nulla bona,* and that the defendants have property and conceal the same so that it can not be reached by execution; also that a conveyance of land had been made to the wife of one of the defendants; that he paid all or the greater part of the consideration; that after such conveyance he improved the same to the extent of $3000 with means of the firm comprising the defendants in the judgments, and that he had an equitable interest in the land that should be subjected to the payment of the judgments, and prays for a discovery, is good under our statute, and it is manifestly error to sustain a demurrer to the same.

2. SAME—*fraud, how alleged.* In setting up fraud in a creditor's bill, a general charge or statement of the matter of fact is sufficient, and it is not necessary to charge minutely all the circumstances which may conduce to prove the general charge, for these circumstances are properly matters of evidence which need not be charged in order to let them in as proof.

3. SAME—*concealment of property.* The concealment of property by a debtor so that it can not be reached on execution at law is such a fraud as will give a court of equity jurisdiction to compel a discovery and subject it to the payment of judgments against the debtor. Such a bill is expressly allowed, by sec. 36 of the chancery act, to be filed in aid of an execution at law.

4. SAME—*to reach provision made for debtor's wife.* Where a husband, being indebted at the time, pays the consideration or a portion of it for a conveyance of land to his wife, it will be a fraudulent perversion of his means that the law will presume was done to hinder and delay his creditors, and his interest will be subjected to the payment of his debts. And the appropriation of the means of an insolvent firm, of which he is a member, to the improvement of such land of his wife, will be a fraud upon the creditors of the firm.

5. SAME—*discovery can not be used in criminal prosecution for fraud.* The answer of a defendant to a creditor's bill to discover property fraudulently concealed and disposed of to hinder and delay creditors, by an express provision of statute, can not be read in evidence against such defendant on indictment for the fraud.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

Mr. R. N. BISHOP, for the plaintiffs in error.

Messrs. TROGDON & McKINLAY, and Mr. JAMES A. EADS, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a creditor's bill, filed by plaintiffs in error, in the circuit court of Edgar county, against defendants in error. It alleges that the different firms and parties complainant obtained judgments against defendants; that executions were issued and returned no property found, and that defendants have property, and conceal the same so that it can not be reached by execution at law.

It is further alleged that the father of defendant Byrns conveyed to the wife of defendant Byrns lands for the expressed consideration of $10,000, which she still holds; that all, or the greater part of the consideration for this land, was paid by defendant Byrns; that he, after the conveyance was made, improved this land to the extent of $3000, out of means taken from the firm of Byrns, McKinley & McKinley, against whom the judgments were obtained when it was insolvent, and that Byrns has an equitable interest therein that should be subjected to the payment of complainants' judgments.

The bill prays a discovery touching the allegations of the bill; that an account may be taken, and that the property, when discovered, be sold to satisfy the judgments, and for general relief. To this bill a demurrer was filed. On a hearing in the court below, the demurrer was sustained and the bill dismissed for want of equity, and complainants bring the record to this court and ask a reversal.

There was manifest error in sustaining the demurrer to this bill. It clearly showed such a case as required an answer from each of the defendants to the judgments. It charged

facts that showed fraud, if true. It alleged that the defendants had property subject to execution, which they concealed so that it could not be seized and sold to satisfy the judgments. This charge conforms to the rules of equity pleading.

Story, in his work on Equity Pleadings, sec. 28, says: "A general charge or statement, however, of the matter of fact is sufficient, and it is not necessary to charge minutely all the circumstances which may conduce to prove the general charge, for these circumstances are properly matters of evidence which need not be charged in order to let them in as proof."

If these defendants, as charged, have such property, and are concealing it so that it can not be reached under an execution at law, it is a fraud that authorizes a court of equity to take jurisdiction to compel a discovery, and to subject it to the payment of these judgments. The law is not subject to the reproach that men may so act with impunity, and the law afford no relief. The complainants have brought themselves within the 36th section of the chancery act, and it authorizes the bill to be filed and the court to compel a discovery.

This is not strictly a creditor's bill, filed on behalf of all creditors, nor is it a mere bill of discovery without relief, but it is a statutory creditor's bill in aid of an execution, and we have only to see that the statute has been complied with in the case made by the bill, and we find such to have been done in this case.

If, as is alleged in the bill, the consideration, or a portion of it, was paid for the land when Byrns was indebted to complainants, then it was a fraudulent perversion of his means, that the law will presume was done to hinder and delay his creditors, and it should be subjected to the payment of his debts. He had no right or power in law to make a settlement on his wife at the expense of his creditors. This would be inequitable in a high degree, even amounting to a fraud that can not be sanctioned. *Moritz* v. *Hoffman,* 35 Ill. 553;

*Damron* v. *Sweeney*, 47 Ill. 450; *McLaurie* v. *Partlow*, 53 Ill. 340; *Bridgford* v. *Riddell*, 55 Ill. 261, and *Haines* v. *Haines*, 54 Ill. 74. These cases fully discuss and settle the law on this question.

As to the charge that Byrns appropriated funds drawn from the firm when it was insolvent, and expended it in improving the land, if true, as admitted by the demurrer, it was manifestly a fraud on these creditors. Whatever he might have done with his own labor or individual means towards improving his wife's property, there can be no pretense that he could fairly appropriate the means of an insolvent firm of which he was a member, to such a purpose. The complainants had a right to a discovery on this as well as the other charges in the bill.

There is no force in the objection that such a discovery might subject defendants to a criminal prosecution. This can not be, as the last clause of the 37th section of the chancery act, (R. S. 97,) expressly declares that no answer made to such a bill as this shall be read in evidence against a defendant on a trial under an indictment for the fraud charged in the bill.

The court below erred in sustaining the demurrer and dismissing the bill, and the decree must be reversed and the cause remanded.

*Decree reversed.*