FREDERICK HEISLER ET AL.

V.

THEODORE C. DICKINSON, Impl'd, etc.

PRACTICE—CREDITOR'S BILL.—On a creditor's bill filed, which waived answer under oath, answered by defendant not upon oath, and replication joined by complainant, it was error to dismiss for want of equity on defendant's motion; as under section 25 of chapter 22 of the statute, entitled Chancery, the complainant was entitled to adduce testimony to contradict the answer and maintain the allegations of the bill.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding. Opinion filed November 25, 1885.

Mr. EUGENE E. PRUSSING, for appellants.

Messrs. ABBOTT, OLIVER & SHOWALTER for appellee; that if the complainant fails to get a discovery as to all but the judgment creditor at least the office of the bill is spent, cited 1 Story's Eq. Jur., §§ 71–74; Russell v. Clark, 7 Cranch, 89; Nourse v. Gregory, 3 Littell, 380; Robinson v. Gilbraith, 4 Bibb, 184; Ferguson v. Waters, 3 Bibb, 303.

McALLISTER, J. This was a creditor's bill by appellants against Wagner and Goodwillie, as judgment debtors, and against Dickinson, who it was alleged was indebted to the judgment debtors and had property and effects in his hands belonging to them. The bill was in form one for discovery and relief, but waived answer under oath. Dickinson filed his answer, not upon oath, by which he traversed all the allegations of the bill in reference to him, to which appellants filed a replication. On motion of the defendants, the court dismissed the bill for want of equity, without hearing any evidence. Section 25, of Chap. 22, entitled Chancery, reads: "When the complainant shall require a discovery respecting the matter charged in the bill, the disclosure shall not be

deemed conclusive, but if a replication be filed, may be disproved or contradicted like any other testimony, according to the practice of courts of equity."

If the bill in this case is not to be regarded as a bill of discovery it was like any other case, and the court could not properly dismiss it on motion of defendants, without evidence, unless it failed to set out a case which entitled the complainants to any relief. The bill here was not of that character. It was a proper bill of the kind known as a creditor's bill. If, however, it was a bill for discovery, or in the nature of such bill, then the right of complainants to adduce testimony to contradict the answer and maintain the allegations of the bill, was secured by said § 25 of the statute. In any point of view, therefore, it was error to dismiss it upon the coming in of the answer, since a replication was filed thereto.

The decree of the court below will be reversed and the cause remanded.

Decree reversed.