Edwards v. Rodgers.

NANCY A. EDWARDS ET AL.

v.

T. S. RODGERS.

*Creditors' Bills—Practice.*

1. The appointment of a receiver *pendente lite*, upon a creditor's bill, rests in the discretion of the court.

2. Judgment having been obtained against a debtor, and an execution having been returned unsatisfied, a creditor is entitled to whatever relief he can obtain by filing a creditor's bill.

3. A party having the right to file a creditor's bill, is entitled to support the same if he can, by proof, and to have a hearing thereon; and he is not concluded by the sworn answer of the defendant.

[Opinion filed November 2, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

On the 31st day of July, 1890, appellee filed in the Circuit

Court his creditor's bill against appellants and others, setting forth the recovery of a judgment by him against Mrs. N. A. Boyd, now Mrs. N. A. Edwards, the issue of execution and return thereon by the sheriff of demand on the judgment debtor, her failure to satisfy the same, and that he, the sheriff, was unable to find any property with which to satisfy the same.

The bill also upon information and belief set forth that Mrs. Boyd had been engaged in the hotel, or boarding house business, and various persons had become indebted to her; that she had securities, wares and merchandise to a large amount; that she had made a pretended sale of goods to one Eugene Bassler, and had in a box of the Merchants' Safe Depository, notes, moneys, bonds and other property.

An injunction and the appointment of a receiver was asked for and a preliminary injunction was issued. Answer under oath was waived.

The defendants, Mrs. Edwards, F. Woodhall and Eugene Bassler, made verified answers to the bill, in which answers they denied substantially all the allegations of the bill save those as to the obtaining of judgment, issue and return of execution. The answers admitted that Mrs. Edwards was the owner by title of record, of two lots in Cook County, which lots were described, and asserted that the complainant knew of such ownership before he began his lawsuit. Thereon the defendants moved for a dissolution of the injunction theretofore issued, various affidavits in support of the answers were filed and replications being made thereto. February 17, 1891, the court, on motion of the complainant, appointed the Jennings Trust Company receiver of all the estate and property, things in action, debts and equitable interests of Mrs. N. A. Edwards, which belonged to her or were held in trust for her at the commencement of this suit, except property by law exempt from execution. From this order appellants have taken an appeal.

Mr. WILLIAM E. HUGHES, for appellants.

Messrs. ASHCRAFT & GORDON, for appellee.

WATERMAN, P. J. It is urged that the bill being upon information and belief only, and the answers denying positively the ownership of any property such as was pointed out, no equitable ground is shown for the appointment of a receiver. Judgment having been obtained and an execution having been returned unsatisfied, appellee was entitled to whatever relief he could obtain by filing a creditor's bill. Revised Statutes, Chap. 22, Sec. 49.

It can not be seriously contended that having this right to file his bill, he is not entitled to support the same, if he can by proof, and to have a hearing thereon; in other words he is not concluded by the sworn answers of the defendants. If, then, the suit may go on and may result in a decree for the complainant establishing a lien upon property, why may not the court take reasonable measures to make the decree it may afterward render, effective?

If the defendant and judgment debtor, Mrs. Edwards, has any property or equitable interests not exempt by law from sale on execution, she ought to convey the same to a receiver; and this is all the order requires. If she has no property not exempt from execution, then there is nothing for the order to operate upon and her assignment will transfer nothing.

She now admits the ownership of two lots but she does not explain why she failed to turn them out upon the execution; she says that she has never concealed her ownership of them, but fails to aver that she ever offered them in satisfaction of the judgment, nor is there a showing that these lots are of sufficient value to make a levy upon them of any avail.

The appointment of a receiver *pendente lite* upon a creditor's bill, rests in the discretion of the court. High on Receivers, Sec. 7; Lutt v. Grimont, 17 Ill. App. 308; Bloodgood v. Clark, 4 Paige, 574; Trumbull v. Prentiss Lumber Co., 55 Mich. 387; The St. Louis & Sandoval Coal & Mining Co. v. The Sandoval Coal & Mining Co., 111 Ill. 32–39.

And in this case no sufficient reason is shown for interference with the action of the court below.

*Judgment affirmed.*