# Hans A. Schroetter, Impleaded with William A. Newell and the Home Life Insurance Company, v. Nathaniel J. Brown.

1. CREDITORS' BILLS—*Not Pure Bills of Discovery—Waiver of Answer Under Oath.*—Creditors' bills, under section 49, chapter 22, R. S., entitled "Chancery," are not pure bills of discovery. and are not dependent alone upon a discovery, although a discovery may be had under them. And to such bills, even though discovery is required, the answers, although under oath, the oath thereto not being waived, are not conclusive.

2. SAME—*Injunctions and Receivers.*—Whether an injunction will be issued or a receiver be appointed upon a creditor's bill *pendente lite,* is a matter of discretion with the court.

3. SAME—*Taken Pro Confesso —Injunction.*—An injunction upon a creditor's bill taken *pro confesso* may properly issue against the judgment debtor restraining him from disposing of his equitable interests, credits and choses in action, even though no discovery has been obtained.

Creditor's Bill.—Appeal from an order of the Superior Court of Cook County, granting an injunction; the Hon. THEODORE BRENTANO,

Schroetter v. Brown.

Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

WEIGLEY, BULKLEY, GRAY & EASTMAN, attorneys for appellant.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from an interlocutory order awarding an injunction upon a creditor's bill filed after the return of an execution, no part satisfied, issued upon a judgment against the appellant.

The bill was of the kind known as a creditor's bill, authorized by section 49 of the chancery act, and properly alleged the recovery of judgment, the issuance and return, unsatisfied, of execution, and that the judgment remained unpaid.

The appellant was duly served with process and defaulted, and the bill was taken *pro confesso* as against him, for want of answer, and thereafterward the injunction order that is complained of, was entered. The bill was in the usual form for discovery, as well as relief by way of injunction and the appointment of a receiver, and waived an oath to the answer.

It is contended that because the bill alleged no facts except the recovery of the judgment, the issuance and return unsatisfied, of the execution, and that the judgment remained unpaid, all else being matter for discovery, and the oath to the answer being waived, no answer was required; that the statute not having dispensed with the necessity of an oath to a bill of discovery, the waiver of the oath was a waiver of the right to a discovery, and there being no discovery there was nothing for a decree to act upon, and no right to an injunction.

Bills of this kind, under section 49, above referred to, are not pure bills of discovery, and are not dependent, alone, upon a discovery, although discovery may be had under them. And to such bills, even though discovery is required, the answers, although under oath, oath thereto not being waived, are not conclusive. Section 25, Chancery Act; Heisler v. Dickinson, 17 Ill. App. 193.

This bill, besides setting up all that is required with reference to the judgment upon which it is based, and making the usual general charges with reference to equitable interests of the appellant, and his concealment thereof, seeks to obtain specific disclosure concerning certain contracts and dealings between the appellant and his co-defendants, and prays that the amounts due to him may be paid to the appellee, and for an injunction against the appellant from assigning or disposing of any and all debts due to him, etc., and for a receiver. This is for more than mere discovery, and was ample to confer jurisdiction upon the court to determine the matters set up, and inquired concerning, and, as incidental thereto, to order an injunction.

Whether an injunction will issue, or a receiver be appointed, upon a creditor's bill, *pendente lite*, is a matter of discretion in the court. Edwards v. Rodgers, 41 Ill. App. 405.

But that an injunction upon a creditor's bill taken *pro confesso*, may properly issue against the judgment debtor restraining him from disposing of his equitable interests, credits and choses in action, even though no discovery has been obtained, seems to be the settled practice in this State and we think was properly ordered in this case.

The following cases are applicable to the main features of this cause: Durand v. Gray, 129 Ill. 9; Heisler v. Dickinson, 17 Ill. App. 193; Bouton v. Smith, 113 Ill. 481; Mitchell v. Byrns, 67 Ill. 522; Edwards v. Rodgers, 41 Ill. App. 405.

The decree is affirmed.