### Henry Smith v. The J. A. Sommers Mfg. Co.

1. HUSBAND AND WIFE—*Transfers of Property Between.*—A transfer of property from a husband to his wife, while they are living together as such, to be valid as to third persons, must be in writing, acknowledged and recorded in the same manner as a chattel mortgage. (Sec. 9, Chap. 68, R. S.)

2. GIFTS—*By a Husband to his Wife.*—A gift to a wife from her husband to the injury of his creditors is unlawful.

**Trial of the Rights of Property.**—Appeal from the Circuit Court of Clay County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1896. Affirmed. Opinion filed March 3, 1897.

R. S. C. REAUGH and HOFF & HOFF, attorneys for appellant.

HAGLE & SHRINER, attorneys for appellee.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee obtained judgment against Edgar A. Medley, on which an execution was issued and a levy made on a stock of goods.    On the 8th day of January, 1896, Elizabeth C. Medley gave the sheriff written notice that she was the owner of said entire stock of goods and intended to prosecute her claim to the same.    The notice was signed by the claimant by her attorney, R. S. C. Reaugh.    On the 15th day of January, 1896, Henry Smith, the appellant, by the same attorney, gave the sheriff written notice that he was the owner of said goods, except such part as belonged to Elizabeth C. Medley, and that he intended to prosecute his claim.    A trial was had in the Circuit Court on the latter claim, and a verdict and judgment resulted in favor of appellee, and against the claimant, from which this appeal is prosecuted.

The principal contention is that the judgment is not supported by the evidence.    It is claimed by the appellant that he sold the stock of goods in the fall of 1894, to Edgar A. Medley, his son-in-law, for $1,600, and took no notes or security therefor; that some money was paid to him at different times, just how much he does not know; that in the spring of 1895, a fire broke out in the building in which the stock was kept, which damaged the stock, not a great deal, however, as the evidence is understood; thereafter, appellant claims, about the last of May or first of June, he demanded more money of Medley, which he not being able to pay, the stock was, by some arrangement, transferred to pay the balance due, then claimed to amount to over $900; that thereupon he claims he took possession for a time, and then put his daughter, Mrs. Medley, into possession, who, it is claimed, run the store, and kept the key to the building till the levy.

The evidence presents a peculiar state of affairs.  In the first place, after the levy, Mrs. Medley claimed the entire stock, and gave notice to that effect.  The evidence is replete with her statements, which she admits making, as well as of her husband, that she was the owner of the goods. They made that claim to the sheriff and other parties without saying that appellant had any interest.  They claimed the transfer to Mrs. Medley was made by her husband in August, 1895.  There is no claim that she paid any money or gave any notes, or that she had any money or property in her own right with which to pay for the goods.  The husband was being hard pressed to pay his debts.  He requested the sheriff not to make this levy, as it would bring other creditors on him, and in any event to give him as long time as possible.  In both claimed transfers of the stock of goods to Henry Smith and Mrs. Medley there is an utter absence of business methods in the transactions, and as to keeping account of how much was paid or when paid.  Mrs. Medley, on the witness stand, in effect, claimed the property was hers; that she had paid her father nearly all that was coming to him.  He testified to the same, without telling when or how.  She says she held the keys until the sheriff came and demanded them, and that the arrangement was, "I was to pay off the debt that Medley owed my father.  If there was anything left the store was to be mine."  The most that can be made out of this tangle, in which these parties have involved themselves is, that Edgar A. Medley was involved in debt, and that by arrangement between the parties, the wife was to run the store, sell goods and pay off the debt of the claimant, her father, which, according to the testimony of both of them, has been substantially paid, and she was to have what was left.  She put in some additional stock, so as to keep it up, as she claims, how much is not stated, evidently not much.  No provision was made as to the other creditors.  Was this a legal and lawful transaction as to them, assuming there was an open transfer, which is denied by appellees?  She paid nothing for the goods to her husband, nor promised to pay

him anything, and paid nothing on the debt of her father to her father except out of money received from the sale of the stock. There was no writing evidencing a sale as between the husband and wife or between the wife and her father. If she assumed to get title from her husband, then to be valid as to third persons, as they were living together, such transfer had to be in writing, acknowledged and recorded in the same manner as a chattel mortgage. Sec. 9, Chap. 88, Hurd, p. 807. If she assumed to get title from her father, who evidently only held it as a lien to pay his debt, then the mutual arrangement by which she was to have the surplus, which was all that was levied upon, as the father's debt had been paid, was a gift on the part of the husband to the injury of his creditors, and was unlawful. Mitchell v. Byrns, 67 Ill. 522; Hocket v. Bailey, 86 Ill. 74.

If the transfer of the title to Smith was to secure his debt, and, giving the transaction the most favorable view, more than this was not intended, then the transfer of the property by Smith to his daughter, under the arrangement that she was to have the surplus on payment of the debt, which debt, in fact, has been paid, though no formal settlement has been made, would in any event deprive this claimant of any right to the property as against creditors.

Substantial justice has been done in this case and the judgment is affirmed.