## John Gerson et al. v. Jacob DeTurck et al.

1.  SHERIFF'S RETURN—*Sufficiency of.*—A return of a sheriff, referring to the parties as the "within named defendants," is sufficient, as the within named defendants referred to, are beyond question the defendants named in the body of the writ.

2.  WORDS AND PHRASES—"*Any*" *and* "*Either.*"—The use of the word "either" instead of "any," in referring to the parties defendant in a sheriff's return, is immaterial.

3.  VERIFICATION—*Bill for the Appointment of a Receiver.*—The affidavit (for form, see *post*) verifying the bill in this case is held to be sufficient.

**Interlocutory Order Appointing a Receiver.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1898. Affirmed. Opinion filed March 30, 1899.

COPY OF SHERIFF'S RETURN REFERRED TO IN THE OPINION OF
THE COURT.

"I demanded of the within named defendants, Rudolph Deimel and Ignatz Deimel, money or property to satisfy this writ, and they having failed to satisfy the same or any part thereof, and not being able to find any property of either of the within named defendants * in my county on which to levy, I therefore return this writ, no property found and no part satisfied, this 5th day of February, 1892. James H. Gilbert, Sheriff, by C. J. Jones, Deputy."

COPY OF AFFIDAVIT ATTACHED TO THE BILL IN THIS CASE.

"STATE OF ILLINOIS, } ss.
    County of Cook. }

Robert C. Robinson makes oath and says that he is the agent for the complainants in the foregoing bill mentioned; that he has read the foregoing bill of complaint, and knows the contents thereof, and that all the averments in said bill, charging the recovery of judgments in favor of the complainants, Jacob DeTurck and John F. Brown, together with Willard S. Brown, since deceased, partners as Brown, DeTurck & Company, and Albert Hammacher, William Schlemmer and Charles F. Goepel, partners as Hammacher, Schlemmer & Company, and the issuing of executions thereon and placing the same in the hands of the sheriff of

---

* There were other defendants named in the writ.

Cook County, Illinois, and the sheriff's returns thereon, are true, as in the said bill alleged, in substance and in fact.

That affiant has taken pains to inform himself as to the property of the principal defendants, Rudolph Deimel, Joseph Deimel, Simon Deimel, John Gerson, Ignatz Deimel and Rosa Deimel, and upon such information believes that said Rudolph Deimel, Joseph Deimel, Simon Deimel, John Gerson, Ignatz Deimel and Rosa Deimel, have property, real, personal and mixed, choses in action, which are held by other persons for them, or some of them, in fraud of the rights of complainants and the other creditors of said principal defendants, Rudolph Deimel, Joseph Deimel, Simon Deimel, John Gerson, Ignatz Deimel and Rosa Deimel, as alleged in complainants' bill of complaint, and which can not be reached by execution; and believes from such information that there are moneys due the said principal defendants, Rudolph Deimel, Joseph Deimel, Simon Deimel, John Gerson, Ignatz Deimel and Rosa Deimel, which can be reached and collected in this procceding, if a receiver is appointed, which can not be reached by execution or garnishment proceedings, or any action at law, as in said bill is alleged.

Robert C. Robinson.

Subscribed and sworn to before me this 24th day of October, A. D. 1898.

[Seal.]                    R. M. Ashcraft,
Notary Public."

Mr. Justice Sears delivered the opinion of the court.

This is an appeal from an interlocutory order appointing a receiver. The order was entered upon the showing made by the bill of complaint, which is an ordinary creditor's bill and is verified.

It is urged by counsel for appellant, that the order is erroneous, because, first, there is not a sufficient return upon the executions issued upon the judgments which are the basis of the creditor's bill; and, secondly, because the bill of complaint is not properly verified. We can not assent to either proposition. We are of opinion that the return of the sheriff is sufficient. The "within named defendants," referred to, are beyond question the defendants named in the body of the writ, and the use of the word "either"

Gerson v. DeTurck.

instead of "any" is immaterial.   C., D. & C. Co. v. Kinzie, 93 Ill. 415.

The bill alleges that certain property, which is described, has been fraudulently disposed of by some of the judgment debtors, and is now equitably subject to the payment of the judgment indebtedness.   The affidavit verifying the bill of complaint avers the truth positively only of the allegations of the bill relating to the judgments and return of .executions thereon, and the averments of the affidavit as to the truth of the allegations relating to the property fraudulently disposed of, and in which the debtors are said to have beneficial interests, are upon information and belief.

Taking the affidavit together with the allegations of the bill of complaint, specifying, as they do, particular property of the judgment debtors, we are of opinion that the chancellor was justified in ordering the appointment of a receiver.   Edwards v. Rodgers, 41 Ill. App. 405.

We do not wish to be understood as holding that such a showing as to a beneficial interest of the judgment debtors in any property held by third parties, would be sufficient to warrant the court in interfering with the possession of such third parties.   A very different and much more positive showing would be necessary before the court could properly disturb such apparent ownership of others by ordering the property into the hands of a receiver.   But here the court has not ordered the receiver to take any such possession, and a hearing before a master in chancery has been ordered to disclose the facts regarding the various properties described in the bill of complaint.

Perhaps it would have been better practice to have waited until the evidence at the hearing disclosed with certainty just what interests in the property were equitably subject to the control of the court, before entering the order of appointment. . But we are not prepared to hold that it was an abuse of discretion to enter an order appointing a receiver of the property in general of the judgment debtors upon the showing made of the judgments, the refusal to turn over property to satisfy execution, and the allegation that there was property specified in the bill of complaint,

in which they were beneficially interested, fraudulently withheld from the operation of the judgments, even though the allegations as to such property were made upon information and belief. As was said by this court in Edwards v. Rodgers, *supra*, "If the defendant and judgment debtor has any property or equitable interests not exempt by law from sale or execution, she ought to convey the same to a receiver, and this is all the order requires. If she has no property not exempt from execution, then there is nothing for the order to operate upon, and her assignment will transfer nothing."

It is true, as argued, that it has been held that where there is no showing whatever made of property upon which a receivership might operate, it is not necessary to appoint a receiver. First Nat. Bank v. Gage, 79 Ill. 207.

But here it is made to appear, by what we regard as a sufficient showing, that there is such property, and hence the Gage case cited, *supra*, does not control.

Upon a disclosure of all the facts, the court may not find it necessary or proper to order the property itself into the hands of the receiver, but may merely order the proceeds paid to the receiver so far as they may appear to inure to the benefit of the judgment debtors, and that can only be determined after the taking of the evidence at the preliminary hearing which has been ordered.

We can not say that there was an abuse of discretion in the entering of the order appointing a receiver of the property of the judgment debtors.

The order is affirmed.